# HANNAH WALTON and others *vs.* JOSEPH W. TORREY and others.

The provision in a will that the estate shall remain undivided until the youngest of the devisees becomes of the age of twenty-one years, is not such a limitation as will inhibit any one of the devisees from conveying his interest in the premises.

Provisions in restraint of alienation are not to be favored.

Where a sale of real estate was ordered by a judge of probate and it appeared that he himself became interested in the purchase, the sale was set aside and a resale was ordered to be made under the direction of the court.

The bill of complaint was filed in September, A. D. 1836, and states that in May, A. D. 1825, one Jesse Hicks, of Wayne county, Michigan, was seized and possessed of a certain farm of 271 33-100 acres, on the River Rouge, in said county, called the Hicks farm; and that said Jesse duly made and published his last will, dated May 7, 1825; the provisions of the will are set forth as follows:

1st. My will is, that all my just debts and funeral expenses be paid out of my personal property.

2d. That as regards my real estate, my will is, that it remain undivided in the use, occupation and possession of all my children now living, until the youngest attains the age of twenty-one years, and that until that time, the rents and profits be equally applied in and towards their support and education; that when and so soon as the youngest child shall have attained the age of twenty-one years, my will is that an estimation of all the value of my real estate be made by Orville Cook, of Detroit, and Henry I. Hunt, of the same place, or if they should not be living at that time, then by such persons as they may have nominated, and after such estimation and valuation, that the said real estate be divided equally, and share and share alike among my children now alive, or the survivors of them, and the heirs of any who may die previous to such division.

3d. Such part of my stock and personal property as may remain after payment of my debts, I will to be distributed, one-third to my wife, and the remainder to remain for the use of the farm.

4th. My will is, notwithstanding, that my wife be entitled to the use of the homestead during her life, and also the profits of one-third part of the farm on which I live.

5th. I hereby revoke and annul all former wills, testaments, codicils or parts of the same heretofore made and executed.

In witness whereof, &c.,

The bill further states, that in May, 1825, said Jesse died, leaving the complainants, Hannah Walton, now Hannah Hicks his widow, and Jesse A., Betsy, Hannah, Adaline and Theodore E. Hicks; also Caroline Hicks, (since deceased,) without issue, and Andrew Hicks, (supposed deceased,) his children surviving him; that the farm has not been sold to pay said Jesse's debts; that said widow and children, except Andrew and Caroline are sole surviving devisees of said Jesse's will; that said Theodore is youngest, and will be twenty-one years old in the year 1841; that Larned and Torrey were, in 1829, and previously, lawyers practising in Detroit; that after said Jesse died, his said wife and children believing said L. and T. had been the counsel of said Jesse, applied to them for advice as to the rights and duties of said widow and children under said will; that said L. and T., by a show of kindness and regard, gained the entire confidence of the said widow and children in their legal ability and integrity, and became their counsel, and had their papers relating to said will, and knew all the rights and duties of said widow and children under said will, and knew that said Theodore would not be of age till A. D. 1841; that L. and T. in 1829, told said widow and children that they might sell or encumber said Hicks' farm, notwithstanding said will, which they said was invalid, and that said children were heirs at law, and that said wife and children, up to the year 1832–3, when Torrey left the country, believed the above statements of said L. and T.; and that said L. and T. induced said widow to convey her interest in said farm, by telling her that such conveyance would not expose her to be turned off said farm, and that she and her children should have possession thereof; and that said widow made such conveyance, being ignorant of the effect thereof, March 10th, 1832. That at same time, said Jesse A.

Hicks conveyed to said L. and T. his interest in said farm as heir at law, of said Jesse, stating he would not, thereby, lose possession thereof, till 1841; and that April 6, 1832, by similar statements, L. and T. procured a deed from complainants, Blanchard and wife, while the wife was a minor, of one-sixth part of said farm; and that said L. and T. by the aforesaid representations induced Downer and wife (a minor) to convey one-seventh of said farm to one Frazer, and then seized the first opportunity to get a deed from Frazer to themselves.

The bill further states, that in 1832, said Torrey, as judge of probate of Wayne county, appointed one Johnson guardian of said Theodore and Adaline, and soon after gave him license, on application, to sell the interests of said Theodore and Adaline in said farm; that said Johnson then sold and conveyed the same to one Sawyer, and said Sawyer to said Larned and Torrey; that said sale was unnecessary and without consideration, either from Sawyer or Larned and Torrey; that Larned and Torrey procured the appointment of said Johnson, and his deed to said Sawyer, solely to get title to the interests of said minors. The bill adds, that Larned died in 1834, and that his heirs since pretend that said Larned and Torrey leased said farm to one Isaiah Walton, who had married said widow, and that she held said farm under him; and charges, that if so, said lease was without the consent of any of the complainants, and in order to undermine them; and that said widow never pretended to hold under said Isaiah, but only under said will; that said Torrey and heirs of said Larned have turned said complainants off from the farm, and that they have been thereto restored; that they have since commenced and discontinued two suits, and afterwards commenced a third suit to recover possession of said farm.

The bill prays for a re-conveyance from Larned's heirs and Torrey, of their interest in said farm, and that the deeds to Larned and Torrey and Sawyer be cancelled, and for an injunction to stay defendants from proceeding under the forcible entry and detainer act, and from selling or effecting possession.

The defendant, Torrey, puts in his answer, which is sub-

stantially the same with the answer of Sawyer and that of the infants; which last defendants set forth some facts in addition to those stated in the answers of Torrey and Sawyer.

All said answers admit the seizein of Hicks in said farm, and that he died and left such will and such children as is stated in the bill, but express ignorance as to dates; submit whether said Jesse's children were not seized in fee of said land, as heirs at law, and were competent to convey it; and whether the estates of said infant complainants were not subject to alienation, like those of all infants, by order of probate court; admits partnership of Larned and Torrey, from October, 1825, to 1833, but say they had nothing to do with the estate of said Jesse, and never made any representations to complainants, as alledged in the bill; that the said Jesse A. Hicks first offered his and his brother Andrew's share in said farm to Larned and Torrey for $200, to pay for defence of said Andrew against an indictment; that afterwards said Jesse A. and his mother, urged Larned and Torrey to buy her share, and agreed to give immediate possession, or to rent the farm at $50 per year, and that they afterwards bought the shares of Blanchard and Downer. All these purchases they made reluctantly and at the urgent solicitation of Jesse A. and his mother, and *paid* $100 per share; defendants deny that they told complainants their selling would not make them liable to be turned off of said farm or lose possession till the youngest was of age; defendants admit plaintiffs' statements as to the sale of the infants' shares, by order of Torrey, as judge of probate, but deny all fraud or irregularity or illegality in the same, and say full consideration was paid for the same, and deny any connection of Larned and Torrey with the proceedings relating to said sale, and deny all fraud and all intent to commit fraud on the part of Sawyer in the sale, and deny all fraud generally, and all intent to oppress or harrass said plaintiffs in proceedings to obtain possession of said farm, in 1836.

H. T. BACKUS, for complainants.

J. M. HOWARD, for defendants.

THE CHANCELLOR. Whether the children of Jesse Hicks,

deceased, the complainants in this case, take as heirs or devisees, they take an estate in *presenti*, and whatever interest they have, it is competent for them to convey. The provision in the will, that it should remain undivided, is not such a limitation as would inhibit any one from conveying whatever interest he possessed. Provisions in restraint of alienation, are not to be favored. Whether any purchaser could enforce a partition before the youngest child became of age, so long as either of the heirs, or devisees retained his interest, is a question that does not arise in this case. The interests being then alienable, it was within the jurisdiction of the judge of probate to decree a sale of the right, title and interest of the two minors, Adaline and Theodore E. Hicks, upon a case being made, upon the happening of which, the statute authorized the sale of the lands of minors, for their support and maintenance.

The proceedings appear to have been regular.

The decree of the judge of probate stands of force, and not appealed from.

It is too late, therefore, to interfere with the decree. As to the sale and purchase in fact, by Larned and Torrey, Torrey having been the judge of probate who granted the order, I have had some doubt. But the case of *Devaux* vs. *Fanning*, 2 *Johns. Ch. R.*, 268, goes the full length of declaring such a sale void.

It is placed upon the ground of disability to purchase, arising from the office which the purchaser held. And the case quoted by Chancellor Kent on that occasion, extends the disability to guardians, judicial officers, and all other persons who in any respect, as agents, had a concern in the disposition and sale of the property of others, whether the sale was public or private, judicial or otherwise.

What is the case here? The defendant, Torrey, acting as judge of probate, having previously acquired certain portions of this property, makes the order for the sale of the shares, of these minor heirs. He becomes a joint purchaser through Sawyer.

If there is any wisdom or justice in the rule, it seems to me

First Circuit.  Walton vs. Torrey.

that this presents a very proper case for its application. Without attributing any intention to commit a fraud, and there is nothing from which to infer it in this case, it seems that there can be no office or trust which would present stronger temptations for abuse, than that of the one occupied by Torrey, if the real estates of minors could be directed to be sold and purchased by the same individual. As to this portion of the case then, I am disposed to follow the course pursued in the case of *Devaux* vs. *Fanning*. As to the claim of Mrs. Blanchard and Mrs. Downer, the daughters of the deceased, they are alleged to have been minors at the time of the execution of the deed. As the result, in this respect, must depend upon the establishment of the fact of minority, an issue must be directed to try that fact. The shares of the two minor children, Adaline and Theodore E. Hicks, must be put up for sale, under the direction of the master, at the same price at which they were sold to Larned and Torrey, as a minimum, if no more is offered, the former sale to stand confirmed; if more is offered, the master to proceed to sell the same; and upon being paid the consideration, to execute a deed thereof to the purchaser, and to bring the money arising from such sale, into court to abide the further order of the court in the premises. As to the sales made by the other complainants, there is no ground for the interference of this court in the premises.

The injunction heretofore granted in this cause, to be dissolved.